IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GRANITE REINSURANCE COMPANY, LTD, A Barbados Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:08CV410 |
| v. | ) ) | |
| ANN M. FROHMAN, Director of Insurance, in her capacity as Liquidator, FEDERAL CROP INSURANCE CORPORATION, a Corporation within the United States Department of Agriculture, and RISK MANAGEMENT AGENCY, an agency of and within the United States Department of Agriculture, | ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |

    The plaintiff, Granite Reinsurance Company, Ltd, ("Granite") filed suit against defendants Federal Crop Insurance Corporation and Risk Management Agency ("FCIC/RMA"), and Ann M. Frohman, Director of Insurance, in her capacity as Liquidator for an insolvent insurer, American Growers Insurance Company ("Growers").  The plaintiff's complaint alleges Growers owes Granite for unpaid reinsurance premiums; FCIC/RMA accepted responsibility for Growers' liabilities, including the unpaid premium debt owed to Granite, in exchange for receiving Growers' assets and funds; and FCIC/RMA has refused to pay Granite for Growers' unpaid premiums.  The complaint seeks an order requiring FCIC/RMA to pay the Liquidator the amount Growers owes to Granite, and once that payment is made, an order requiring the Liquidator to pay the funds she received from FCIC/RMA to Granite.  Filing No. 1-2, at CM/ECF p. 12.

The case was filed in the District Court of Lancaster County, Nebraska and pursuant to 28 U.S.C. § 1442, was removed to federal court by FCIC/RMA. The Liquidator and Granite moved for remand, both parties arguing the state court has exclusive jurisdiction over actions arising from Growers' insolvency action pursuant to the McCarran-Ferguson Act, 15 U.S.C. § 1011 et seq. The court held the McCarren-Ferguson Act did not divest the federal court of jurisdiction over Granite's claim against the FCIC/RMA and the case was properly removed.

FCIC/RMA has moved to transfer this case to the United States District Court for the District of Columbia. Filing No. 46. FCIC/RMA claims Granite, a Barbados Corporation, is not a Nebraska resident and does not engage in business in Nebraska, and therefore the United States District Court for the District of Columbia is the proper venue for this case. 7 U.S.C. § 1506(d). Granite does not oppose FCIC/RMA's motion to transfer. Filing No. 53.

The Liquidator has moved to dismiss Granite's case against the Liquidator for lack of subject matter jurisdiction and for failure to state a claim. Filing No. 47. Any claim Granite may have against the Liquidator is contingent upon prevailing against FCIC/RMA. If Granite fails to recover against FCIC/RMA, Granite has no claim against the Liquidator. If Granite obtains a judgment against FCIC/RMA, the amount of that judgment must be paid to the Liquidator, and if that occurs, Granite can seek recovery from the Liquidator.

Although this case was properly removed, in the event Granite prevails against FCIC/RMA, a federal court cannot enter Granite's requested judgment against the Liquidator. Under Nebraska law, the District Court of Lancaster County, Nebraska is the sole forum for handling the assets of the Growers' insurance liquidation, (Nebraska Insurers Supervision, Rehabilitation and Liquidation Act ("Nebraska Receivership Act"),(Neb. Rev. Stat. §44-4801 et seq). This court cannot enter an order for distribution of any FCIC/RMA judgment proceeds without interfering with

the authority and jurisdiction of the liquidation court in violation of the McCarran-Ferguson Act.

By moving to dismiss, the Liquidator has advised this court that she claims no interest in the outcome of Granite's litigation against FCIC/RMA, and she will therefore forego any right she may have to remain in this litigation as an interested or intervening party. See e.g., Fed. R. Civ. P. 24(a)(2) & (b)(2). The Liquidator's motion to dismiss seeks dismissal under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Rather than dismissing Granite's claim against the Liquidator, the court will remand the claim, along with any arguments for dismissal for failure to state a claim, to the District Court of Lancaster County, Nebraska. See e.g., Rivera-Carrion v. Miranda 529 F. Supp. 2d 296, 300 (D. P. R. 2008)(upholding removal of plaintiffs' claims against only the federal defendants pursuant to 28 U.S.C. § 1442, while the claims against the non-federal defendants remained pending in state court); Somers v. Luterbach, 2008 WL 1780936, 1 (E.D. Wis. 2008)(remanding state claims to state court once the claims against the federal government, removed to federal court pursuant to 28 U.S.C. § 1444, were resolved in the federal forum).

Pursuant to 7 U.S.C. § 1506(d), and with the agreement of FCIC/RMA and Granite, Granite's claim against FCIC/RMA will be transferred to the United States District Court for the District of Columbia.

Accordingly,

IT IS ORDERED:

1) The motion to dismiss filed by defendant Ann M. Frohman, Director of Insurance, in her capacity as Liquidator for an insolvent insurer, American Growers Insurance Company ("Growers"), (filing no. 47), is denied. However, the claim by Granite Reinsurance Company, LTD against the Liquidator is remanded to the District Court of Lancaster

-3-

County, Nebraska. The Clerk shall mail by certified mail return receipt requested a copy of this memorandum and order to the Clerk of the District Court of Lancaster County, Nebraska so that the state court is apprised of the remand of Granite's claim against the Liquidator.

2) The motion to transfer filed by defendants Federal Crop Insurance Corporation and Risk Management Agency, (filing no. 46), is granted, and the claim by Granite Reinsurance Company, LTD against defendants Federal Crop Insurance Corporation and Risk Management Agency shall be transferred to United States District Court for the District of Columbia.

3) The Clerk is directed to transmit the file in this action to the United States District Court for the District of Columbia.

4) There being nothing further required of this Court in this forum, the Clerk shall terminate this case for statistical purposes.

DATED this 26th day of October, 2009.

BY THE COURT:

*Richard G. Kopf*
United States District Judge